In re CIRCULAR THERMOSTAT ANTITRUST LITIGATION

Brian Brock v. Honeywell International, Inc., N.D. California, C.A. No. 3:04–5328

Thomas Fullam v. Honeywell International, Inc., S.D. New York, C.A. No. 1:04–9871

No. MDL 1673.

Judicial Panel on Multidistrict Litigation.

May 3, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Northern District of California and the Southern District of New York.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by common defendant Honeywell International, Inc. (Honeywell) for coordinated or consolidated pretrial proceedings of the actions in the Southern District of New York. Plaintiffs in both actions and at least two potential tag-along actions initially opposed the motion. In the event the Panel ordered transfer over their objections, these plaintiffs proposed the Southern District of Indiana as an appropriate transferee forum. At oral argument, however, these plaintiffs agreed that transfer under Section 1407 was warranted and both moving defendant and responding plaintiffs supported the Northern District of California as an alternative choice for transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common ques-

---

1. The parties have notified the Panel of four related actions pending, respectively, in the District of Maine, the District of Massachusetts, the Western District of Tennessee and the District of Vermont. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

tions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share allegations that Honeywell engaged in anticompetitive practices to exclude potential competitors from manufacturing and selling round thermostats by, among other things, misrepresenting that it had a valid trademark with respect to such thermostats. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Given the range of locations of the defendant and putative class members in this docket along with the geographic dispersal of pending actions, no district stands out as the focal point for this litigation. In concluding that the Northern District of California is an appropriate forum for this docket, we note that this district, where an action is already pending, provides an accessible, metropolitan location that enjoys the support, albeit in the alternative, of both moving defendant and responding plaintiffs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William Haskell Alsup for coordinated or consolidated pretrial proceedings with the action pending in that district.